**SOVAK, Appellee,**

v.

**SPIVEY et al., Appellants.**

[Cite as *Sovak v. Spivey,* 155 Ohio App.3d 479, 2003-Ohio-6717.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 167.

Decided Dec. 9, 2003.

Andrew W. Suhar and Roger Bauer, for appellee.

Comstock, Springer & Wilson Co., and William Scott Fowler, for James E. Goins Jr.

Alfred J. Fleming, for Butler Wick Trust Company.

—————

WAITE, Presiding Judge.

{¶ 1} In this appeal, the guardian of appellant James E. Goins Jr. challenges whether the Mahoning County Court of Common Pleas had the authority to approve an agreed judgment entry that granted an award of $1,000,000 to appellee, William Sovak, in a personal injury case. Appellant Butler Wick Trust Company ("Butler Wick"), as guardian of Goins's estate, did not sign or ratify the agreed judgment entry. A guardian, in this context, must ratify any contractual agreements that the ward attempts to enter into. Butler Wick did not ratify the agreed judgment entry, and therefore, the judgment entry has no effect, does not affect any substantial rights, and is not a final appealable order. For these reasons, we must dismiss this appeal for failure to present a final appealable order.

{¶ 2} This appeal touches upon events and issues discussed in this court's recent opinion of *In re Guardianship of Goins*, 7th Dist. No. 02 CA 163, 2003-Ohio-931, 2003 WL 685878. In *Goins*, this court was called upon to determine whether a proper guardianship of the estate of James E. Goins Jr. had been

established by the Mahoning County Court of Common Pleas, Probate Division. In March 2002, appellant Goins was sentenced to more than 85 years in prison based on convictions for attempted aggravated murder, aggravated robbery, kidnapping, and other crimes. *Goins* at ¶ 3. Prior to that date, the probate court had appointed Butler Wick as appellant's guardian to oversee funds he had received from a structured settlement. The guardianship terminated automatically on August 12, 2002, after appellant reached the age of 18.

{¶ 3} On August 14, 2002, the probate court appointed Butler Wick as the emergency guardian over appellant's estate. A hearing was held on August 23, 2002, to determine whether the guardianship over appellant's estate should become permanent. The probate court held that a guardianship was proper because appellant was incompetent as defined by the guardianship statutes. Specifically, the probate court held that R.C. 2111.01(D) defined "incompetent" to include, inter alia, any person confined to a correctional institution in Ohio. Therefore, on August 23, 2002, the temporary guardianship became permanent. The probate court's decision to establish a guardianship, based on Goins's incarceration, was affirmed by this court. Id. at ¶ 50.

{¶ 4} Turning now to the circumstances of the case at bar, on March 30, 2001, appellee, Sovak, filed a personal injury complaint in the Mahoning County Court of Common Pleas against appellant Goins, alleging the he had been attacked by Goins on January 29, 2001. Butler Wick was named as a defendant in the case in its capacity as guardian of appellant's estate. Sheila Spivey was named as a defendant as the parent and natural guardian of Goins. Appellee also named Chad Barnette ("Barnette") and his mother as defendants. Barnette allegedly took part in the attack on Sovak.

{¶ 5} On May 25, 2001, Butler Wick filed an answer to the complaint on behalf of appellant's estate. The answer was filed by Alfred J. Fleming. On June 19, 2001, Sheila Spivey also filed an answer as appellant's guardian, prepared by Damian Billak. Fleming withdrew as counsel for appellant's estate on June 28, 2001, and was replaced by William Scott Fowler.

{¶ 6} On June 24, 2002, Sheila Spivey retained Sarah Thomas Kovoor as counsel.

{¶ 7} On August 8, 2002, appellee filed a first amended complaint. The complaint continued to name Sheila Spivey and Butler Wick as defendants in their representative capacities. Appellee added the Travelers Insurance Companies ("Travelers Ins.") as a defendant. On August 8, 2002, appellee filed a motion for prejudgment attachment of the assets held and controlled by Butler Wick as guardian of appellant. Appellee also filed a motion for temporary restraining order to prevent Butler Wick from disbursing any of appellant's assets when he turned 18 on August 12, 2002.

{¶ 8} On August 8, 2002, the trial court granted the motion for prejudgment attachment and the temporary restraining order.

{¶ 9} On August 13, 2002, appellant Goins attempted to discharge all prior counsel and retain Kovoor as counsel.

{¶ 10} As noted above, on August 14, 2002, the probate court reappointed Butler Wick as guardian of appellant's estate.

{¶ 11} On August 15, 2002, appellee and appellant signed an agreed judgment entry rendering judgment in favor of appellee in the amount of $1,000,000. The entry was signed by the trial court judge as well as by appellee's attorneys and Kovoor. A separate agreed judgment entry was signed on August 15, 2002, dismissing Sheila Spivey as a defendant.

{¶ 12} On August 27, 2002, Butler Wick filed a motion for relief from judgment. The motion alleged that the probate court had exclusive jurisdiction over the matters leading up to the August 15, 2002 agreed judgment entry and that the agreed judgment was invalid and unenforceable because it was not approved by Butler Wick as guardian of appellant's estate.

{¶ 13} On September 16, 2002, Butler Wick filed a timely appeal of the August 15, 2002 agreed judgment entry. Appellee, Sovak, has not responded to this appeal.

{¶ 14} A court of appeals has jurisdiction to review only final appealable orders. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64. The first step in certifying an appeal as final and appealable is a determination of whether the order is "final" as defined by R.C. 2505.02. *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. R.C. 2505.02(B) lists five types of final appealable orders:

{¶ 15} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 16} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 17} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 18} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 19} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 20} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 21} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 22} "(5) An order that determines that an action may or may not be maintained as a class action."

{¶ 23} The only plausible section of R.C. 2505.02(B) under which the August 15, 2002 judgment could qualify is section (B)(1), referring to orders that affect substantial rights and that determine the outcome of the issues or claims being litigated. It is apparent based on the record and the applicable law that the August 15, 2002 judgment does not affect any substantial rights, nor does it determine the action with respect to Goins. This conclusion is based on the fact that the guardian of Goins's estate did not consent to the August 15, 2002 judgment entry. Without the consent of one of the necessary parties to the so-called agreed entry, the judgment cannot have any binding effect on any of the parties.

{¶ 24} Butler Wick was reappointed guardian on August 14, 2002. A person placed under the care of a guardian is a ward of that guardian. "A ward cannot on [his or] her own bind [his or] her guardianship estate to obligations based upon contract, unless ratified by the guardian." *In re Guardianship of Allen* (1990), 50 Ohio St.3d 142, 146, 552 N.E.2d 934. "The appointment of a guardian is conclusive evidence of the ward's incapacity to do any act which conflicts with the authority given to the guardian. Therefore, there is a conclusive presumption that the ward is incompetent to enter into a binding contract or deed." *Witt v. Ward* (1989), 60 Ohio App.3d 21, 23, 573 N.E.2d 201.

{¶ 25} An agreed judgment entry is a contract that is reduced to judgment by a court. *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 39, 60 O.O.2d 20, 285 N.E.2d 324. Between the agreeing parties, an agreed judgment or consent judgment is as binding as if the merits of the underlying case had been litigated. *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 129, 512 N.E.2d 956.

{¶ 26} Of course, an agreed judgment entry is only binding on those parties entering into the agreement, assuming that those parties had the legal capacity to enter into a contract: "[I]f a party has not agreed to the judgment * * * it can hardly be said to be binding on that party. Nor can it be presumed that a party has waived any rights by the mere fact of failing to join in an agreed judgment entry." *Hayes v. White* (Dec. 3, 2001), 7th Dist. No. 01 CO 00, 2001 WL 1568866.

{¶ 27} It should be noted that an incarcerated individual is generally permitted to enter into contracts or transfer title to property while incarcerated. *Kucharski v. Weakland,* (June 16, 2000), 11th Dist. No. 99–P–0013, 2000 WL 777831. It is Goins's status as a ward, rather than his status as an incarcerated individual, that limited his ability to enter into the August 15, 2002 agreed judgment entry without the consent of his guardian.

{¶ 28} In this case, neither Goins nor his private attorney had the legal capacity to bind the guardian to the terms of the agreed judgment entry. It is obvious that the guardian, Butler Wick, has not ratified the judgment entry that awarded appellee $1,000,000 from Goins's estate. The intended effect of the August 15, 2002 judgment entry was to bind Goins's estate, and therefore, Butler Wick had the right to approve or disapprove of this agreement. Without Butler Wick's ratification, the agreement has no effect. Therefore, no substantial right has been affected, and the judgment entry is not a final order and cannot be appealed.

{¶ 29} In conclusion, we dismiss this appeal because the August 15, 2002 agreed judgment entry was an incomplete and nonbinding order that is not yet appealable.

Appeal dismissed.

GENE DONOFRIO and VUKOVICH, JJ., concur.