OPINION
{¶ 1} Appellants Wallace and Kathleen Toward appeal the decision of the Richland County Court of Common Pleas, which ordered forfeiture under a land installment contract in which they were purchasers by assignment. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellees Tyson and Anne Smith are the owners of real estate located on State Route 61 in Shelby, Ohio. The property has been the site of a trucking and towing business for a number of years. On December 24, 1997, appellees entered into a written land installment contract with Bruce Jewett, an acquaintance of appellants. The terms required a $10,000 down payment on an $80,000 selling price, with monthly payments of $650 per month commencing January 18, 1998. The land contract also contained an acceleration clause which would apply if the purchaser(s) failed to make any required payment within thirty days after it became due. Soon after the signing, Jewett assigned his interest in the land contract to Appellants Wallace and Kathleen Toward.
 {¶ 3} On November 11, 2002, appellees sent notice to Jewett and appellants of a two-month delinquency in payments. On December 20, 2002, appellees filed a complaint for real estate forfeiture and damages, alleging, inter alia, that no monthly payments were made in February 2002 and July 2002. Appellees named Jewett, his spouse, and appellants as defendants. Appellants filed an answer on February 11, 2003. Appellees, with leave of court, filed an amended complaint on October 17, 2003. A bench trial before the magistrate was subsequently conducted on October 21, 2003 and December 1, 2003. On January 16, 2004, the magistrate issued a decision recommending the property at issue be forfeited and that the land installment contract be cancelled. The magistrate further recommended that payments made by appellees to appellants be retained by appellees as stipulated damages, and that appellants surrender possession of the property to appellees.
 {¶ 4} On January 22, 2004, appellants filed objections to the magistrate's decision, pursuant to Civ.R. 53. They simultaneously filed a notice to the trial court of an intended proffer of the entire balance due under the contract. Appellants also subsequently supplemented their objections with a brief in support. Appellees filed a response on April 6, 2004. On September 24, 2004, the trial court issued a judgment entry overruling appellants' objections and affirming the decision of the magistrate.
 {¶ 5} Appellants timely filed a notice of appeal, and herein raise the following seven Assignments of Error:
 {¶ 6} "I. Where a vendee under a land contract timely complies with a notice of forfeiture by paying all sums due under the land contract[,] the land contract can not be forfeited.
 {¶ 7} "II. Where commercial real estate value is $165,000 and defendant-appellant owes $50,000[,] a forfeiture is not equitable nor (sic) proper.
 {¶ 8} "III. Where a non-residential land contract vendee has paid over 20 percent of the purchase price of the contract, a land contract may not be forfeited.
 {¶ 9} "IV. The plaintiff-appellee can not retain an $800.00 check which he refuses to credit [to] the defendant-appellant's account and then use this as evidence of default.
 {¶ 10} "V. The decision is against the manifest weight of the evidence.
 {¶ 11} "VI. Where a vendee proffers the entire amount under a land contract, the land contract should not be forfeited.
 {¶ 12} "VII. The court erred in confirming the magistrate's decision without reviewing the referee's report and weighing the evidence in the record."
 I., III. {¶ 13} In their First and Third Assignments of Error, appellants argue the trial court erred in ordering forfeiture of their interest under the land contract. We disagree.
 {¶ 14} Appellants specifically contend that forfeiture was erroneous where (1) they sent appellees a check on January 11, 2003 for $1365.00 (representing $650 for two months, plus late fees) and (2) they had already paid nearly $30,000 toward the selling price of $80,000, or roughly 35 percent thereof. In support, they direct us to the rights afforded purchasers under a land contract pursuant to R.C. 5313.05
(avoidance of forfeiture), R.C. 5313.06 (notice requirements for a vendor), and R.C. 5313.07 (requiring that where the buyer has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession only by use of a proceeding for foreclosure).
 {¶ 15} However, R.C. 5313.01(B) limits Chapter 5313 to land contracts for the sale of properties with "dwellings." See Addair v. Mitchell, Knox App. No. 03 CA 19, 2003-Ohio-6800, ¶ 10, citing Johnson v. Maxwell
(1988), 51 Ohio App.3d 137, 554 N.E.2d 1370. In the case sub judice, the trial court specifically concluded "[t]his land contract is not subject to R.C. 5313.01 et seq. because this property had no dwelling located on it. It was purely a commercial property." Magistrate's Decision at 3-4. This conclusion was supported by trial testimony that no residential structure existed on the property at the time the parties contracted. Tr. at 13-14, 114.
 {¶ 16} "To a major degree the [Ohio land contract] statute does not purport to supercede or rescind the general substantive principles of law previously existing as to these contracts and merely provided remedies for enforcement by either the vendee or the vendor, as the case might be."Shriver v. Grabenstetter (May 18, 1988), Seneca App. No. 13-87-13, at 4. Upon review, we hold the trial court did not err in failing to apply the statutory provisions of R.C. Chapter 5313 and in proceeding to order forfeiture under the terms of the land contract at issue. See, also,Fannin v. Reagan (Nov. 9, 1995), Portage App. No. 94-P-0091 (holding that "in view of the fact that appellants contracted to purchase commercial property, appellees [vendors] were not required to comply with the provisions of R.C. § 5313.")
 {¶ 17} Appellants' First and Third Assignments of Error are overruled.
 II., VI. {¶ 18} In their Second and Sixth Assignments of Error, appellants contend the forfeiture was erroneous on equitable grounds based on its purported increase in value and where appellants proffered the remaining contract balance subsequent to their default. We disagree.
 {¶ 19} "Forfeiture clauses contained in land installment contracts are enforceable in Ohio, so long as the resulting benefit to the vendor is not `extravagantly unreasonable or manifestly disproportionate to the actual damages sustained' by the vendor." Johnson, supra, citing NorpacRealty Co. v. Schackne (1923), 107 Ohio St. 425, 140 N.E. 480, paragraph one of the syllabus.
 {¶ 20} Appellants maintain that forfeiture in this case creates an inequitable result, particularly in light of the testimony of appellants' appraisal expert, Hal Maxfield, who estimated the property's present value to be $165,000, versus the approximately $50,000 paid on the contract by appellants. See Tr. at 126. Appellants thus contend that they are effectively "losing" over $110,000 via the forfeiture, let alone the value of the improvements, such as a new bathroom, which they have contributed to the building during their possession. On the other hand, as appellees remind us, appellants paid just 35% of the $80,000 purchase price,[1] and were able to utilize this business property for nearly six years. Furthermore, by the time of the trial, they had not made any payments for fourteen months. Moreover, appellants' proffer of the remaining $50,000 came only after the magistrate's hearing, and was nearly two years after the notice of default.
 {¶ 21} In addition, the trial court made scant reference to the aforesaid $165,000 current appraisal in its decision. Appellees note that Maxfield, although experienced in real estate, was not a certified appraiser and had not found comparable properties in conducting his assessment. Tr. at 127-130. The property was also on the market at a listing of $175,000 for over a year with no offers. Tr. at 127. We reiterate that a trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. See Seasons CoalCompany v. Cleveland (1984), 10 Ohio St.3d 77. The fact finder is free to believe all, part, or none of the testimony of each witness. State v.Caldwell (1992), 79 Ohio App.3d 667, 679. Also, the decision to award or withhold equitable relief turns on the facts of the case, and is within the sound discretion of the trial court. Willson v. Board of Trustees ofOhio State University (Dec. 24, 1991), Franklin App. No. 91AP-144, citingHecht Co. v. Bowles (1944), 321 U.S. 321.
 {¶ 22} In light of the foregoing, we find no reversible error in the court's decision to grant the remedy of forfeiture under the facts and circumstances of this case.
 {¶ 23} Appellants' Second and Sixth Assignments of Error are overruled.
 IV. {¶ 24} In their Fourth Assignment of Error, appellants contend appellees should not have retained a certain $800 check sent to them and refuse to credit it as a payment on the land contract.
 {¶ 25} We first note that appellants fail to couch their present argument as a potential error made by the trial court. See, e.g., In reWhite Children, Stark App. No. 2002CA00203, 2002-Ohio-4749, ¶ 4, citing Ohio Constitution Art. IV, § 3(B)(2). Nonetheless, as the check in question, which was apparently delivered to appellees in mid-October, 2002, neither covered the default amount nor represented payment of the remaining contract balance, we find appellants have failed to demonstrate prejudice for purposes of appeal. See App.R. 12(D).
 {¶ 26} Appellants' Fourth Assignment of Error is overruled.
 V. {¶ 27} In their Fifth Assignment of Error, appellants contend the trial court's decision was against the manifest weight of the evidence. Appellants at this juncture ask us in generic fashion to review the testimony in the record to assess whether the decision was against the manifest weight of the evidence.
 {¶ 28} "A `manifest weight' argument does not permit a second bite of the apple. The trial court's findings of fact and the legal conclusions it reached enjoy a strong presumption of correctness. Thus, it is even more necessary that parties who claim that a judgment is against the manifest weight of the evidence support that claim with `reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" Lagos v. Field Associates, Inc. Clark App. Nos. 02CA36, 02CA77, 2003-Ohio-4979, ¶ 19, citing App.R. 16(A)(7).
 {¶ 29} Nonetheless, having fully reviewed the record in this matter pursuant to appellants' prior assigned errors, we hold the court's decision was not against the manifest weight of the evidence.
 {¶ 30} Appellant's Fifth Assignment of Error is therefore overruled.
 VII. {¶ 31} In their Seventh Assignment of Error, appellants contend the trial court judge failed to properly review the record in adopting the decision of the magistrate. We disagree.
 {¶ 32} Certainly, Civ.R. 53(E)(4)(b) "contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed." Appellants' sole support for this contention is based on the judge's finding, in his overruling of the Civ.R. 53 objections, that "Defendant Toward is an experienced buyer and seller of commercial real estate." Judgment Entry at 2. Appellants contend this finding is not based on evidence in the record.
 {¶ 33} We find appellants' argument lacks merit. This particular finding is adequately supported in the transcript of the hearing before the magistrate. See Tr. at 34. Even if it were not, this alone would not overcome the presumption of regularity we would afford in the proceedings before a trial court. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Furthermore, "[a] trial court judge is presumed to know the applicable law and apply it accordingly." Walczak v.Walczak, Stark App. No. 2003CA00298, 2004-Ohio-3370, ¶ 22, citing Statev. Eley (1996), 77 Ohio St.3d 174, 180-181, 672 N.E.2d 640.
 {¶ 34} Appellants' Seventh Assignment of Error is therefore overruled.
 {¶ 35} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.
Wise, J. Gwin, P.J., and Edwards, J., concur.
[1] The magistrate compared this 35% figure to the 25% paid by the purchasers in Schackne, concluding that "both fall short of the significant standard set up before a court will nullify the agreement * * *. "Magistrate's Decision at 4.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to Appellants Wallace and Kathleen Toward.