DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment which, among other things, ordered Donald R. Werr, plaintiff below and appellee herein, to be compensated for a refrigerator taken from the property he was selling on land contract to Rebekah Moccabee, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following error for review:
 "THE LOWER COURT ERRED AS A MATTER OF LAW IN AWARDING DAMAGES TO APPELLEE FOR LOSS OF PERSONAL PROPERTY WHEN APPELLEE FAILED TO ADDUCE ANY EVIDENCE AS TO THE PRESENT *Page 2 
VALUE OF THE PROPERTY AT THE TIME OF ITS LOSS."
 {¶ 3} On January 31, 2002, appellee agreed to a land contract with appellant.[1] The contract's terms called for $942.80 in monthly payments and, inter alia, not to permit any liens to encumber the real estate.
 {¶ 4} On June 3, 2003, appellant filed the instant action and sought forfeiture or foreclosure of the land contract for the reason that appellee allowed tax liens to encumber the property. Appellant further alleged that appellee "damaged the [p]roperty" but, as the extent of damages were not yet known, requested an unspecified amount of monetary damages. Appellant also joined Guarantee Residential Lending (Guarantee) and the Ross County Treasurer and asked that they set out interests they may claim in the property.
 {¶ 5} In response to the complaint, appellant denied liability, Guaranty stated that it had a lien on the premises that arose from appellee's promissory note and mortgage, and the Ross County Treasurer stated that real estate taxes were due on the premises and that those taxes were the first and best lien on the property. Additionally, Guaranty counterclaimed and requested that its lien be deemed the first and best on the premises. *Page 3 
 {¶ 6} On March 8, 2005, the parties entered into an agreed judgment that requested, inter alia, appellant to vacate the premises on or before March 15, 2005 or be liable to appellee for $1,000 per month pro-rated to January of that year. Appellant also agreed to pay all property taxes that accrued on the premises prior to December 2004, and to assign her leasehold interest in the property to appellee. Once these conditions had been satisfied, and upon counsel's satisfactory "walk-thru" of the properties, the land contract would be cancelled and appellant released from all liabilities and obligations. The parties further agreed that the complaint and counterclaim would be dismissed upon satisfaction of all the terms in the agreed judgment.
 {¶ 7} On November 10, 2005, appellee requested a hearing on grounds appellant had not complied with agreed entry's terms. At a subsequent hearing the magistrate determined that appellant removed a refrigerator from the premises, that appellee paid $875.29 in 1999 for the refrigerator, and that absent any evidence as to its fair market value at the time of removal, the purchase price is the proper measure of damages.
 {¶ 8} Appellant objected to the magistrate's decision and argued that no evidence was adduced to establish the refrigerator's fair market value at the time of its removal and that the magistrate improperly relied upon the refrigerator's purchase price. On December 5, 2006, the trial court adopted the *Page 4 
magistrate's decision and ordered $857.29 be paid to appellee from funds in escrow. This appeal followed.
 {¶ 9} Before we review the merits of the assignment of error, we first address a threshold jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over final orders. Section 3(B)(2), Article IV, Ohio Constitution. A final order affects a substantial right and determines the action. R.C. 2505.02(B)(1).[2]
The operative effect of a final order is that it determines either the entire case or a distinct branch of the case, such that it will not be necessary to bring that cause before the court for any further proceedings. Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303,306, 272 N.E.2d 127; Teaff v. Hewitt (1853), 1 Ohio St. 511, 520; also see Simms v. Heskett (Mar. 3, 2000), Athens App. No. 99CA28. If, however, a judgment does not satisfy these requirements, an appellate court has no jurisdiction to review the judgment and the appeal must be dismissed. Prod. Credit Assn. v. Hedges (1993), *Page 5 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 at fn. 2; Kouns v. Pemberton
(1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 10} In the case sub judice the December 5, 2006 judgment does not determine the case or any branch of the case. Appellant's claims are still pending and Guarantee's counterclaim is still pending. It appears that the trial court's determination that appellant is liable to appellee for the refrigerator's removal goes to part of the "fourth claim for relief."
 {¶ 11} Thus, the judgment does not resolve the claims in the complaint nor does it address the counterclaim. Once those matters are resolved, appellant may raise this issue on appeal as well as other issues that may arise before final judgment is entered. We also note that this jurisdictional defect cannot be cured by a Civ.R. 54(B) finding of "no just reason for delay." Civ.R. 54(B) applies when there is a resolution of an entire claim, not to a resolution of a single issue within a claim. See Oak Hill Firefighters Assn. v. Oak Hill (Aug. 28, 2002), Jackson App. No. 01CA16. Although appellee's "fourth claim for relief" requested compensation for damage to property, it is unclear whether the missing refrigerator constitutes the only damage to the premises. Moreover, the "fourth claim for relief" also alleges that appellee is entitled to the difference between the payments specified under the land contract and the fair market rental value of the premises. Apparently, this issue has not been resolved. *Page 6 
 {¶ 12} Our decision is also unaffected by the fact that this case comes to us from a dispute concerning the terms of an agreed judgment entry. Agreed judgments are typically treated as contracts, seeSovak v. Spivey. 155 Ohio App.3d 479, 801 N.E.2d 896, 2003-Ohio-6717, at ¶ 25; Hayes v. White (Dec. 3, 2001), Columbiana App. No. 01CO00, and the failure to comply with terms of an agreed judgment is dealt with as a breach of contract. In most cases, after an agreed judgment is entered the underlying case is dismissed and parties can no longer pursue their claim(s) in the original case, but may pursue a breach of the settlement set forth in the agreed judgment.
 {¶ 13} Thus, in the case sub judice the March 8, 2005 agreed judgment did not settle or determine the case; rather, it appears to direct the parties how to proceed to resolve the case. The trial court did not dismiss the action or even a distinct claim within the action. Indeed, the March 8 entry expressly notes that neither the claims nor counterclaim will be dismissed until the parties comply with the agreed judgment. The record reveals that the agreed judgment's terms were not satisfied and the claims and counterclaim were not dismissed.
 {¶ 14} Accordingly based upon the foregoing reasons, we conclude that the judgment appealed herein is neither final nor appealable and we have no jurisdiction to review it. Thus, we hereby dismiss the appeal.
APPEAL DISMISSED.
[1] These parcels are commercial, rental, property that, at the time of the trial court proceedings, were apparently occupied by the "Stop Cancer Shop."
[2] We have found no definitive authority for the proposition that a land contract forfeiture or foreclosure should be analyzed under subsection (B)(1) of R.C. 2505.02 rather than the "special proceeding" prong of subsection (B)(2). A "special proceeding" is one created by statute and did not exist at common law/equity prior to 1853. Id. at (A)(2). Although residential land contract forfeiture proceedings are governed by R.C. chapter 5313, those statutes are limited to properties with a "dwelling," see R.C. 5313.01(B), and do not apply to commercial real estate that does not contain a "dwelling." Smith v. Jewett, Richland App. No. 04CA96, 2005-Ohio-3982, at ¶ 15; Commercial BusinessSystems v. Aztec Partnership (Oct. 31, 1997), Montgomery App. No. 16363. In any event, we have found several cases that involve equitable actions on land contracts long before 1853. See e.g. Merrill v. Lake (1847),16 Ohio 373, 402; also see generally Rummington v. Kelley (1836),7 Ohio 97. We thus analyze this case under subsection (B)(1) of R.C. 2505.02
rather than (B)(2).
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Opinion Kline, J.: Concurs in Judgment Only with Opinion.