[Cite as *Fahrer v. Fahrer*, 2023-Ohio-4379.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NINA FAHRER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00036 |
| BRUCE FAHRER | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Fairfield County Court of
Common Pleas, Domestic Relations
Division, Case No. 20 CR 159


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 1, 2023


APPEARANCES:


For Plaintiff-Appellant     For Defendant-Appellee

BRUCE M. BROYLES     ANDREW T. LIPP
1379 Standing Stone Way     Lantz & Lipp
Lancaster, Ohio 43130     123 South Broad Street, Suite #309
     Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Plaintiff-appellant Nina Fahrer appeals the August 25, 2022 Agreed Judgment Entry/Decree of Divorce entered by the Fairfield County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Bruce Fahrer.

STATEMENT OF THE CASE AND FACTS

{¶2} The parties were married on March 3, 1990, in Fairfield County, Ohio. The children born as issue of the marriage are emancipated. Appellant filed a complaint for divorce on July 2, 2020. Appellee filed a timely answer on July 29, 2020, and a counterclaim for divorce on August 28, 2020. The matter proceeded through the discovery process.

{¶3} After several continuances, the trial court scheduled the final hearing for August 25, 2022. During the days leading up to the final hearing, the parties engaged in negotiations and discussions, ultimately reaching an agreement as to all matters on August 24, 2022. On August 25, 2022, after reviewing the agreement and consulting with their respective counsel, the parties executed an Agreed Judgment Entry/Decree of Divorce. Thereafter, the parties presented the trial court with the Agreed Judgment Entry/Decree of Divorce.

{¶4} The following exchange occurred between Appellant and her attorney during her direct examination:

Q. Okay. And as the Magistrate stated, we've entered into an agreed judgment entry, decree of divorce; is that correct?

A. Yes.

Q. And you've reviewed that document with me, correct?

A. Yes.

Q. And you believe that you understand its terms?

A. Yes.

Q. Okay. And considering all of the circumstances and all of the facts, do you believe that it fairly and accurately divides your assets and liabilities?

A. Except for retirements.

* *

Q. -- it divides all the ones that we know about, that we're aware of?

A. Yeah.

Q. And you know that in that document that, if there are any retirement accounts that have not been disclosed, that we've put in there that whoever didn't disclose it, the other party is going to get 50 percent of the value of that account, correct?

A. Correct.

* *

Q. Okay. Would you like the Court to adopt the decree, and terminate your marriage?

A. Yes.

Transcript of August 245, 2022 Hearing at pp. 6-8.

{¶5} The trial court then questioned Appellant:

THE COURT: * * * Do you believe that what you agreed to, as far as dividing your assets, dividing your debts, and the spousal support order, do you believe all of that is fair and equitable under the circumstances that are specific to your case?

[APPELLANT]: I don't have peace with it, honestly.

* *

THE COURT: Okay. That's not the -- I didn't ask you if you have peace with it. I asked you if, in your opinion, what you have agreed to today is fair and equitable under all the circumstances of your case.

[APPELLANT]: Okay. Yes.

*Id.* at pp. 8-9.

**{¶6}** During his direct examination, Appellee stated he believed the terms set forth in the Agreed Judgment Entry/Decree of Divorce were a fair and equitable division of the parties' assets and debts. Appellee also affirmed he had disclosed all of his assets and debts. Upon conclusion of the parties' testimony, the trial court approved the Agreed Judgment Entry/Decree of Divorce, which was filed August 25, 2022.

**{¶7}** It is from the Agreed Judgment Entry/Decree of Divorce Appellant appeals, raising the following assignment of error:

THE TRIAL COURT ERRED IN ENTERING AND INCORPORATING THE PARTIES AGREED JUDGMENT ENTRY/DECREE OF DIVORCE WHEN IT WAS CLEARLY BASED UPON A MUTUAL MISTAKE OF LAW.

I

**{¶8}** It is well-settled "[a]n agreed judgment entry is a contract that is reduced to judgment by a court." *Sovak v. Spivey,* 155 Ohio App.3d 479, 801 N.E.2d 896, 2003-Ohio-6717, ¶ 25, citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 39, 285 N.E.2d 324 (1974); See also, *Najarian v. Kreutz* (Aug. 31, 2001), 6th Dist. Lucas No. L-00-1302, 2001 WL 1001234,*9 (Aug. 21, 2001) ("Where the parties to a divorce * * * enter into settlement through an agreed judgment entry, the law of contract applies") (Citation omitted). Thus, an agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement. *Ronyak v. Ronyak,* 11th Dist. No. 2001-G-2383, 2002-Ohio-6698, ¶ 10 (Citation omitted).

**{¶9}** "A contract may be rescinded under the doctrine of mutual mistake when the agreement is based upon a material mistake of fact or law." *In re Estate of Stamm*, 11th Dist. No. 2005-T-0098, 2006-Ohio-5176 [2006 WL 2796748], ¶ 25 (Citation omitted). "A mistake is material to a contract when it is 'a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.' " *Reilley v. Richards*, 69 Ohio St.3d 352, 353, 632 N.E.2d 507, 1994-Ohio-

528 (Citation omitted). Regarding settlement agreements, "[i]f each party is mistaken as to a material fact of settlement, then there could be no meeting of the minds, and thus no valid contract for settlement." *Connolly v. Studer*, 7th Dist. Carroll No. 07 CA 846, 2008-Ohio-1526, ¶ 24.

**{¶10}** Appellant's argument focuses on Article XIII of the Agreed Judgment Entry/Decree of Divorce, which provides:

> BUSINESS INTERESTS:
>
> Husband is the owner of or has an interest in the following business: Lancaster West Side Coal Co. Inc. and BZK Inc, Husband shall retain any and all right, title, stock options, shares, and/or any other interest he may have in the above referenced business, including all tangible and intangible property and assets free and clear of any claim of Wife, and if necessary to relinquish her interest therein, Wife shall timely execute any documents that may be required to relinquish her interest therein.  With regard to Lancaster West Side Coal Co Inc., Wife has agreed to the terms of this paragraph based upon Husband' representation that she has never held any stock, for Lancaster West Side Coal Co Inc., in her name.
>
> Agreed Judgment Entry/Decree of Divorce at 14.

**{¶11}** Appellant maintains, "The parties clearly believed that in order for Appellant Nina Fahrer to be entitled to share in any interest in the corporations known as Lancaster West Side Coal Co Inc. and BZK Inc. she had to own shares in the corporations."  Brief

of Appellant at p. 6. Appellant adds, assuming, arguendo, the shares of the corporations were Appellee's separate property, the appreciation of the shares over the years of the marriage was marital property. Appellant submits she was entitled to her share of the appreciation. Appellant concludes, although she stated at the hearing she understood the agreement and was entering into it knowingly and voluntarily, the Agreed Judgment Entry/Decree of Divorce was "based upon a misstatement of the law;" therefore, should be vacated. Brief of Appellant at p. 7.

**{¶12}** In response, Appellee submits, "the assumption made by Appellant from the language of the decree, referenced above, was not Appellee nor his attorney's understanding or belief at the time the parties entered into their agreement to settle the issues pending in the divorce action, and taking into account Appellee's attorney's numerous conversations with Appellant's attorneys over the course of the pending litigation, it is Appellee's Attorney's opinion that it was not their understanding or belief either." Brief of Appellee at p. 4.

**{¶13}** Based upon the record before this Court, we find nothing to support Appellee's contention there was a mutual mistake.

**{¶14}** "A party will not be granted relief from a unilateral mistake when the mistake is the result of the negligence of the party seeking relief." *Gartrell v. Gartrell,* 5th Dist. Tuscarawas No. 2007–AP–0071, 181 Ohio App.3d 311, 2009-Ohio-1042, 908 N.E.2d 1019, ¶ 30, citing *Aviation Sales, Inc. v. Select Mobile Homes* (1988), 48 Ohio App.3d 90, 548 N.E.2d 307. "The burden of proving unilateral mistake is on the party seeking rescission and must be met by clear and convincing evidence." *Id.*, citing *Gen. Tire, Inc.*

*v. Mehlfeldt*, Summit App. No. 19269, 1999 WL 420346 (June 23, 1999); *Frate v. Rimenik* (1926), 115 Ohio St. 11, 152 N.E. 14 (1926).

**{¶15}** The Agreed Judgment Entry/Decree of Divorce herein included broad waiver language, to wit:

15. that the parties intelligently and voluntarily entered into this Agreed Judgment Entry/Decree of Divorce settling all issues in this divorce case;

16. that each party disclosed all assets and liabilities know to him/her during the pendency of the case and that each party, in reliance thereon, has waived further discovery in their divorce case; * * *

18. That the parties recognized that they have a right * * * to written Findings of Fact and Conclusions of Law from the Court as to the value of all marital property, the location of all marital property, the division of all marital property, the duration of the marriage, the nature of assets as marital or separate, how division of assets and liabilities were to be determined to be equitable and fair and other findings * * * regarding property and debt division matters;

19. that the parties hereby expressly, knowingly and voluntarily waived their right to Findings of Fact and Conclusions of Law from the Court as required by Ohio Law except as otherwise provided herein and that the division of property and debts provided herein is equitable * * *;

20. that each party has, pursuant to the Ohio Revised Code, waived any requirement that the Court make a determination regarding the marital or separate nature of the property and debts of the parties.

August 25, 2022 Agreed Judgment Entry/Decree of Divorce at pp. 2-3.

{¶16} We also find nothing in the record before this Court to establish a unilateral mistake on Appellant's part other than her assertions in her Brief, which are not evidence.

{¶17} Based upon the foregoing, Appellant's sole assignment of error is overruled.

{¶18} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur