[Cite as *Slodov v. Eagle Ridge Subdivision Property Owner's Assn., Inc.*, 2025-Ohio-5282.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| LEONARD H. SLODOV, | CASE NO. 2025-G-0015 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| EAGLE RIDGE SUBDIVISION PROPERTY OWNER'S ASSOCIATION, INCORPORATED, et al., | Trial Court No. 2022 P 000052 |
| Defendants-Appellees. | |

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*Leonard H. Slodov*, pro se, 13510 Braeburn Lane, Novelty, OH 44072 (Plaintiff-Appellant).

*Steven M. Ott* and *Devonice K. Austin*, Buckley King L.P.A., 600 Superior Avenue, Suite 1400, Cleveland, OH 44114 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Leonard Slodov, appeals the judgment of the Geauga County Court of Common Pleas finding him in contempt of court for his failure to comply with the trial court's order to produce records to Appellees, Eagle Ridge Subdivision Property Owners Association, Incorporated (Eagle Ridge) and Todd Bemak, Scott Martin, and Gavin Mitchell in their capacities as members of the Eagle Ridge Board of Trustees.

{¶2} Appellant has raised three assignments of error arguing: (1) that the trial court was without jurisdiction to enforce the June 17, 2024 Agreed Judgment Entry; (2)

that the trial court abused its discretion when imposing contempt sanctions on Appellant for non-compliance with the Agreed Judgment Entry; and (3) that Eagle Ridge Board Members violated their fiduciary duty to him and that as a result, he was unable to refute Appellees' evidence at the March 19, 2025 show cause hearing.

{¶3}  Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. First, the plain terms of the June 17, 2024 Agreed Judgment Entry provide that the trial court "shall retain jurisdiction over this matter until such time as payment is received by counsel for Eagle Ridge *and a notice of compliance is filed with this Court*." (Emphasis added.) Appellees did not file a notice of compliance, and the trial court retained jurisdiction to enforce non-compliance. Second, even though the trial court ordered Appellant to provide access to the email account for a longer period than originally contemplated under the June 17, 2024 Agreed Judgment Entry, the trial court had the authority to do so as a remedial measure. Third, Appellant was fully aware of the nature of the show-cause proceedings against him. Despite presenting evidence in his defense, the trial court found the evidence unconvincing and that he had failed to provide "unfettered access" to the Eagle Ridge email account. Because of this, the trial court properly found Appellant in contempt of court.

{¶4}  Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

## Substantive and Procedural History

{¶5}  Appellant served as a trustee of the Eagle Ridge Board of Trustees for approximately 11 years.

{¶6} At a members' meeting on November 11, 2021, Bemak, Martin, Mitchell, and Appellant were nominated to serve on the Board of Trustees. Bemak, Martin, and Mitchell were elected to serve on the Board, and Appellant was not reelected to serve.

{¶7} On January 25, 2022, Appellant filed a pro se lawsuit alleging the election was invalid and not conducted in accordance with the Eagle Ridge bylaws.

{¶8} Appellees filed an Answer and Counterclaim on March 25, 2022. Appellees' counterclaim sought a declaration that Martin, Bemak, and Mitchell were the duly elected members of the Board.

{¶9} During discovery, Appellees filed a Motion to Compel Appellant to produce Eagle Ridge's email login credential and password, association records, elections ballots, and any other original records.

{¶10} On November 28, 2022, the trial court granted Appellees' Motion to Compel ("November 28 Order").

{¶11} Appellees filed a Motion for Summary Judgment on December 9, 2022. Appellees argued the case had become moot because the 2021-2022 Board terms had expired and a new election had been held. Appellant filed a Motion in Opposition to Summary Judgment.

{¶12} On December 20, 2022, Appellee filed a notice of Appellant's failure to comply with the November 28 Order. The trial court set a motion hearing on December 23, 2022. However, the motion hearing was later continued sine die.

{¶13} The trial court granted summary judgment for Appellees on April 7, 2023.

{¶14} On April 21, 2023, Appellees moved to set a hearing to address Appellant's failure to comply with the November 28 Order. Appellees sought to pursue sanctions for

Appellant's failure to comply with the November 28 Order, which deprived Appellees of records that Appellees needed and were entitled to, to wit: login credentials, passwords, and association records. On May 2, 2023, Appellant opposed the motion.

{¶15} On May 4, 2023, Appellant timely filed a pro se appeal of the trial court's judgment granting summary judgment in Case No. 2023-G-0013.

{¶16} During the appeal, the trial court granted Appellees' motion to set a hearing on two issues: (1) a previously filed Motion for Sanctions; and (2) the order to compel. Appellant filed a motion to stay in the trial court seeking a stay pending appeal, which the trial court denied.

{¶17} Appellant then sought a stay from this Court. On June 28, 2024, we granted Appellant's request for a stay "in so far as the trial court shall refrain from proceeding in any matters that it is without authority to review or decide and that are consistent with this court's jurisdiction."

{¶18} Based on this order, the trial court requested additional briefing addressing whether it could proceed with a hearing on Appellant's failure to comply with the trial court's order to compel. Before receiving the briefs, the trial court determined that it could proceed on Appellees' Motion for Sanctions and denied the motion.

{¶19} On July 20, 2023, the trial court issued a judgment entry deferring any hearing on the order to compel until after this Court's decision on Appellant's pending appeal.

{¶20} On October 10, 2023, we affirmed the trial court's grant of summary judgment. *Slodov v. Eagle Ridge Subdivision Property Owner's Assn., Inc.*, 2023-Ohio-3688 (11th Dist.), *appeal not accepted*, 2024-Ohio-335.

{¶21} On February 6, 2024, Appellees filed a renewed motion to reschedule a hearing on Appellant's failure to comply with the trial court's order to compel. Appellant opposed this motion. The trial court set the matter for a contempt hearing on April 10, 2024.

{¶22} Appellant then filed an Affidavit of Disqualification against the trial judge. On March 27, 2024, the Supreme Court of Ohio denied Appellant's Affidavit of Disqualification.

{¶23} On April 8, 2024, Appellant retained counsel and filed a Response Brief to Motion to Show Cause stating that all necessary records were in counsel's possession and being provided to Appellees.

{¶24} On June 17, 2024, the parties entered into an Agreed Judgment Entry ("Agreed Entry"). Appellant acknowledged that he had failed to timely comply with the November 28, 2022 Order to produce Eagle Ridge records. Appellant agreed to pay $3,100.00 as a sanction for this failure and further agreed to cooperate with the Eagle Ridge Board in resetting the financial accounting passwords for Eagle Ridge. The parties agreed that Appellant "can deactivate the Eagle Ridge AOL email account 90 days from the date of this entry." The Agreed Judgment Entry provided that the trial court "shall retain jurisdiction over this matter until such time as payment is received by counsel for Eagle Ridge and a notice of compliance is filed with this Court." The trial court signed the Agreed Entry.

{¶25} On October 15, 2024, Appellees filed a Motion to Show Cause and Motion to Enforce the Agreed Entry. They asserted Appellant violated the Agreed Entry by prematurely deactivating the Eagle Ridge email account and failing to cooperate with the

Case No. 2025-G-0015

Eagle Ridge Board to reset the financial accounting software. Appellant opposed the motion, which the trial court heard on January 15, 2024. Appellant appeared pro se.

{¶26} On January 21, 2025, the trial court issued a judgment entry finding that Appellant had complied with the requirement to pay Eagle Ridge $3,100.00 as a sanction for his failure to produce records as ordered. However, the trial court found that Appellant failed to comply with the Agreed Entry because he failed to provide access to financial accounting passwords and had prematurely terminated Appellees' access to the Eagle Ridge email account 17 days early. Therefore, the trial court granted Appellees' Motion to Show Cause and Motion to Enforce Agreed Judgment Entry and ordered Appellant to provide unfettered access to the financial accounting software and the association email account "until February 7, 2025," accounting for the 17-day deprivation. The entry stated that failure to comply with the order would result in a sanction of $5,405.50, representing Appellees' legal fees since the date of Appellant's non-compliance with the Agreed Judgment Entry.

{¶27} On February 3, 2025, Appellant filed a Motion for Time Extension and Objections to Order Granting Motion to Show Cause. On February 4, 2025, the trial court granted Appellant an extension of time but overruled his objections to the trial court's order.

{¶28} On February 24, 2025, Appellees filed a Motion to Show Cause Why Plaintiff Should Not Be Held in Contempt, which stated that although Appellant had provided the Eagle Ridge email account password, he had enabled two-factor authentication login measures that prevented access to the account. Appellant opposed the motion. The trial court held a hearing on March 19, 2025.

{¶29} On March 24, 2025, the trial court issued a judgment entry granting Appellant's Motion to Show Cause and finding that Appellant was in contempt. The trial court found that Appellant had complied with the requirement to provide access to financial accounting software. However, the trial court also found that Appellant had not provided access to the Eagle Ridge email account because he had enabled two-factor authentication and designated his personal email address and cell phone number as the contact methods necessary to authenticate access to the Eagle Ridge email account. The trial court said that it was "dubious" of Appellant's claims that he had never received notifications with a security code to allow access "except on February 27, 2025."

{¶30} In any event, the trial court determined that its orders were clear that Appellant "was to provide 'unfettered access' to the account. Thus the onus of verifying that Eagle Ridge did indeed gain access to the account was on [Appellant]. [Appellant] failed in that responsibility." Therefore, the trial court granted Appellees' motion and found Appellant in contempt. He was ordered to pay $7,373.50 in attorney fees as a sanction for his failure to comply. The trial court also ordered that Appellant provide unfettered access to the Eagle Ridge email address "until such time that Eagle Ridge informs [Appellant] that access is no longer required." The trial court set a hearing on March 31, 2025, to impose a jail sentence on Appellant for contempt of court for his failure to provide access to the email account. The trial court stated that Appellant could purge his contempt by providing access to the email account.

{¶31} On March 25, 2025, Appellant filed a Motion for Immediate Reconsideration of the trial court's order finding him in contempt.

{¶32} On March 28, 2025, Appellees filed a Notification of Partial Compliance, stating that Appellant had disabled two-factor authentication, allowing access to the email account. However, they argued that Appellant's compliance was only partial because he sent an email stating that he would only provide 17 more days of access in contravention of the trial court's most recent judgment entry. In addition, Appellees asserted that upon accessing the email account, it was discovered that Appellant had activated two-factor authentication on August 29, 2024, contradicting Appellant's prior representations to the trial court.

{¶33} On March 31, 2025, the trial court held the hearing to impose sanctions for contempt. The trial court determined that Appellant had purged his contempt and declined to impose a jail term. The trial court acknowledged Appellant's argument that the original court order only ordered 17 more days of access. However, the trial court said that "as a penalty, I'm giving [Appellees] as much time as they need, which I think is only fair." In its judgment entry, the trial court ordered Appellant to permit Appellees to have access to the email account until at least May 1, 2025, unless otherwise noted that access is no longer needed. Appellant's payment of the financial sanction remained pending.

{¶34} On April 1, 2025, Appellant timely appealed. However, on May 9, 2025, Appellant filed a Civ.R. 60(B) Motion for Relief from Judgment, which the trial court denied due to lack of jurisdiction.

{¶35} On June 15, 2025, Appellant filed a motion with this Court requesting that we grant the trial court leave to rule on his Civ.R. 60(B) Motion for Relief from Judgment. We granted a limited remand for the trial court to rule on the Civ.R. 60(B) Motion.

Case No. 2025-G-0015

{¶36} On July 31, 2025, the trial court denied his Civ.R. 60(B) Motion on the merits.

{¶37} Appellant has raised three assignments of error on appeal.

## Assignments of Error and Analysis

{¶38} Appellant's assignments of error are rambling, repetitive, and at times confusing, but, in the end, are without merit. In keeping with our typical practice, we have quoted his assignments of error as written.

{¶39} Appellant's first assignment of error states: "**The trial court committed continuous prejudicial error in abuse of discretion, first in granting defendant-appellees', EAGLE RIDGE SUBDIVISION INC, et al.'s, October 15, 2024 motion to show cause concerning enforcement of the signed agreed entry at issue having lost jurisdiction by agreement. The motion was filed after plaintiff-appellant, LEONARD H SLODOV, made full payment under terms of the agreed entry in material compliance in June 2024 that satisfied the condition to trigger loss of jurisdiction by the trial court by express, jurisdiction loss provision with no exceptions that had been agreed to by the parties in court on May 28, 2024 and signed by the predecessor Judge and docketed June 17, 2024. (T.d. 204, paragraph 5) However, the trial court's successor Judge committed prejudicial error in holding a hearing January 15, 2025 without jurisdiction and in reaching the merits of defendants' motion in its ruling on January 21, 2025, thereby disrespecting the agreed entry's loss of jurisdiction provision signed by the predecessor Judge. The trial court continued to commit the same prejudicial error in granting defendants' February 24, 2025 motion to show cause reaching the merits without jurisdiction,**

**and in conducting a hearing March 19, 2024 without jurisdiction and docketing its March 24, 2025 order without jurisdiction that included threatening to arrest and send plaintiff to county jail without jurisdiction and imposing a seven thousand, three hundred and seventy three dollars and fifty cents ($7,373,50) sanction without jurisdiction. And the trial court continued to commit the same prejudicial error when it held a hearing and then ruled March 31, 2025 without jurisdiction when plaintiff had objected to the trial court's jurisdictionally unauthorized actions. (T.d. 245, 253, 264, 272, 276, 279)"**

{¶40} In his first assignment of error, Appellant asserts that the trial court lacked the jurisdiction to grant Appellees' Motion to Show Cause. He argues that when the parties entered the June 17, 2024 Agreed Judgment Entry, "[b]oth parties agreed that the trial court would retain jurisdiction only until the payment was made by [Appellant]." He therefore argues that once he satisfied that payment in June 2024, "the trial court lost jurisdiction and the case was closed."

{¶41} "An agreed judgment entry is a contract that is reduced to judgment by a court." *Sovak v. Spivey*, 2003-Ohio-6717, ¶ 25 (7th Dist.); *Phillips v. Phillips*, 2007-Ohio-3368, ¶ 34 (11th Dist.). An agreed judgment or consent judgment is as binding on the parties "as if the merits of the underlying case had been litigated." *Sovak* at ¶ 25. The trial court maintains the jurisdiction to enforce the terms of an agreed judgment or consent decree "'by journalizing an entry reflecting the terms of the settlement agreement.'" *Bainbridge Twp. Zoning Inspector v. Chagrin Valley Learning Collective Co-Op*, 2025-Ohio-146, ¶ 44 (11th Dist.), quoting *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 2015-Ohio-1101, ¶ 27.

{¶42} "Thus, an agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement." *Phillips* at ¶ 34. "'As a matter of law, a contract is unambiguous if it can be given a definite legal meaning.'" *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 2011-Ohio-2720, ¶ 37, quoting *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 11. "[T]erms in a contract are ambiguous when they are susceptible to more than one reasonable interpretation." *Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 2024-Ohio-1945, ¶ 12. "[W]hether a contract is ambiguous is a question of law, but the resolution of an ambiguous term in a contract is a question of fact." *Id.*

{¶43} Appellant is incorrect that the trial court's jurisdiction terminated when he had made the $3,100.00 payment to Appellees. The plain terms of the June 17, 2024 Agreed Judgment Entry provide that the trial court "shall retain jurisdiction over this matter until such time as payment is received by counsel for Eagle Ridge *and a notice of compliance is filed with this Court*." (Emphasis added.) Appellees did not file a notice of compliance. Instead, Appellees made repeated attempts to enforce Appellant's compliance with the Agreed Judgment Entry, culminating in the trial court finding Appellant in contempt of court.

{¶44} Accordingly, Appellant's first assignment of error is without merit.

{¶45} Appellant's second assignment of error states: "**The trial court committed prejudicial error and abuse of discretion in granting defendants-appellees' October 15, 2024 motion to show cause to enforce the June 17, 2024 docketed agreed entry at issue when the defendants agreed to end its legal right to regain account access**

Case No. 2025-G-0015

**and lacked standing. (T.d. 204, paragraph 4) And the trial court likewise committed prejudicial error and abuse of discretion in ruling to allow defendants to regain the email account access at issue in its January 21st, March 24th, and March 31st, 2025 entries when the trial court disrespected the agreed entry's express deactivation provision agreed to and signed by the trial court's predecessor Judge and the defendants for the [Eagle Ridge] email account, who gave plaintiff the legal right to deactivate the account after 90 days without exceptions, which went into effect on or about August 26, 2024, prior to defendants' late filing dates when they had no legal right to access by agreement. (T.d. 239, 264, 276)**"

{¶46} Appellant's argument under his second assignment of error relates to the duration of time that the parties agreed Appellant would provide unfettered access to the Eagle Ridge email account. He asserts that because the window in which he agreed to provide access to the email account had expired, Appellees lacked standing to file a legal claim seeking access to the account. He further argues that the trial court was without authority to order him to provide any access beyond the amount agreed to in the June 17, 2024 Agreed Judgment Entry.

{¶47} "Contempt is defined in general terms as disobedience of a court order." *State ex rel. Corn v. Russo*, 2001-Ohio-15, ¶ 19. "Contempt is either indirect or direct, with indirect contempt generally referring to contempt that occurs outside of court proceedings." *Bainbridge*, 2025-Ohio-146, at ¶ 43 (11th Dist.). Civil contempt sanctions are designed for remedial or coercive purposes meant to compel compliance with a court order. *Id.* "Thus, civil contempts are characterized as violations against the party for whose benefit the order was made . . . ." *Russo* at ¶ 20.

Case No. 2025-G-0015

{¶48} The trial court found Appellant in contempt on March 24, 2025. At the hearing to impose sanctions, the trial court specifically acknowledged Appellant's arguments about the agreed-upon time that he would grant access to the Eagle Ridge email account. However, the trial court stated that it was ordering a longer length of time for Appellees to access the email account "as a penalty." Therefore, even though the trial court ordered Appellant to provide access to the email account for a longer period than originally contemplated under the June 17, 2024 Agreed Judgment Entry, the trial court had the authority to do so as a remedial measure to compel compliance, and the order was designed for the benefit of Appellees rather than to vindicate the authority and dignity of the court. *See Russo* at ¶ 20.

{¶49} Accordingly, Appellant's second assignment of error is without merit.

{¶50} Appellant's third assignment of error states: "**The trial court committed prejudicial error and abuse of discretion when it allowed defendants-appellees to breach fiduciary duty to plaintiff in acts of unethical concealment on or after February 3, 2025, the date on which plaintiff had turned over two passwords with legal notice requesting their notice of satisfaction when time was of the essence that defendant fiduciaries failed to reply to, and the trial court further committed prejudicial error and abuse of discretion when it likewise allowed defendants to act in breach of fiduciary duty by withholding company record evidence from plaintiff from March 2, 2025 until their hearing appearance on March 19, 2025 that prejudiced plaintiff's defense and caused the trial court to threaten to arrest and imprison plaintiff and impose a seven thousand, three hundred and seventy three dollar and fifty cents sanction.**"

Case No. 2025-G-0015

{¶51} Under his third assignment of error, Appellant argues that the Eagle Ridge Board Members are fiduciaries with a legal and ethical obligation to all members of the Homeowners Association. He argues that the Board Members breached their fiduciary duty to him by not affirmatively notifying him that Appellees were unable to access the Eagle Ridge email account between February 3, 2025, and February 24, 2025. Instead, Appellees filed a Motion to Show Cause, only then explaining that Appellees were unable to access the Eagle Ridge email account. Appellant argues that this breach of fiduciary duty left him unable to refute Appellees' evidence at the March 19, 2025 show cause hearing and that as a result, the trial court improperly found him in contempt of court.

{¶52} "A finding of civil contempt requires clear and convincing evidence that the party has failed to comply with the court's prior order." *Bainbridge*, 2025-Ohio-146, at ¶ 43 (11th Dist.).

{¶53} Here, the evidence from the March 19, 2025 hearing indicates that Appellant was fully aware of the nature of the proceedings and what evidence he needed to defend himself. However, the trial court explicitly determined that Appellant's evidence was unconvincing, saying that it was "dubious" of Appellant's claims that he never received any notifications with a security code to allow access "except on February 27, 2025." More importantly, the trial court found that Appellant failed to provide "unfettered access" to the Eagle Ridge email account as ordered. Because of this, the trial court properly found Appellant in contempt of court.

{¶54} Accordingly, Appellant's third assignment of error is without merit.

Case No. 2025-G-0015

{¶55} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0015

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.


JUDGE JOHN J. EKLUND


JUDGE MATT LYNCH,
concurs


JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0015