JOHNSON, APPELLANT, *v.* PERINI, SUPT., ET AL., APPELLEES.

(No. 9-84-41—Decided May 6, 1986.)

*Willard E. Johnson, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *John C. Stamatakos,* for appellees.

MILLER, J. This is an appeal from a judgment entered by the Court of Common Pleas of Marion County.

The plaintiff, Willard E. Johnson, was an inmate at the Marion Correctional Institute ("MCI") and held the position of chief law clerk for Inmate Legal Services at the facility. The plaintiff's duties as law clerk consisted of assisting inmates with legal research and preparing pleadings and motions on their behalf.

Inmates housed in "Security Control Areas" (correctional cell incarceration) at MCI are not permitted face-to-face contact with inmate law clerks to receive legal assistance. Inmates housed in the security control areas are permitted to submit legal questions to inmate law clerks in writing. The clerks may then submit a written response to the inmate. Inmates housed in security control areas may also obtain materials from the prison law library by submitting a written request for same.

On October 13, 1983, the plaintiff filed a motion to require defendant E. P. Perini, Superintendent of MCI, and others, to enforce the orders of *Taylor v. Perini* (N.D. Ohio 1978), 455 F. Supp. 1241, modified in part (N.D. Ohio 1979), 477 F. Supp. 1289, and specifically to permit the plaintiff to have direct contact with inmates housed in security control areas for purposes of providing those inmates with legal assistance. A hearing was conducted on this matter on June 13, 1984. The trial court concluded that the defendants were not in violation of the order in *Taylor v. Perini, supra,* and thus not in contempt of the orders therein, and entered judgment denying the plaintiff's motion.

The trial court's judgment stated that the motion to enforce the order of *Taylor v. Perini, supra* (455 F. Supp. 1241), is denied for the reasons set forth in the memorandum of decision filed August 9, 1984.

Plaintiff appeals the trial court's decision asserting three assignments of error:

Assignment of error number one:

"The trial court erred by finding against appellant in his motion to enforce based upon mere conjecture that if the court found for appellant same would result in utter chaos."

Assignment of error number two:

"The trial court erred in finding that paragraph 9h of *Taylor* did not apply to appellant or other members of his class because they were not attorneys."

Assignment of error number three:

"The trial court's finding that *Taylor* did not mandate legal assistance for those prisoners in security classifications is contrary to law and denys [*sic*] equal protection of the law based upon unsolvency [*sic*]."

*Taylor* v. *Perini, supra,* was a case in which the federal District Court for the Northern District of Ohio entered a lengthy agreed order with respect to conditions and requirements at MCI.

Plaintiff relies upon the following language from that case in support of his position:

"IT IS FURTHER AGREED AND THE COURT SO ORDERS THAT the defendants, their employees, agents, successors, assigns and all those in concert therewith will:

"* * *

"5. Refrain from interfering with, or inhibiting by imposition of sanctions, or harassment, efforts by members or [*sic*] the plaintiff class to assist one another in the preparation and conduct or defense of actions in any court of law involving the adjudication of the legal rights, privileges, or immunities of the assisted member of the plaintiff class. The defendants shall afford plaintiffs so desiring to work together a reasonable place to do so, but may limit such activity to non-working hours. * * *

"* * *

"9. Refrain from imposing solitary confinement, punitive segregation, or correctional cell incarceration on any member of the plaintiff class unless consistent with the following conditions:

"* * *

"(h) Clergymen, social services personnel and attorneys shall be permitted access during reasonable hours to inmates so incarcerated;

"* * *" *Taylor* v. *Perini, supra,* 455 F. Supp. at 1241, 1242 and 1245.

Plaintiff maintains that the above-quoted paragraphs of *Taylor* v. *Perini, supra,* should be read *in pari materia* to grant plaintiff the right to provide direct legal assistance to inmates incarcerated in security areas at MCI.

Paragraph 26 of the order in *Taylor* v. *Perini, supra* (455 F. Supp. at 1254), provides in pertinent part as regards enforcement:

"26. Before any court will enforce the practices, procedures or standards established by any paragraph of this Order on the ground that they are alleged to have been or are in the process of being violated, the claim of violation must have been presented as a grievance and appealed with or without outside review to the Chief Inspector or, in appropriate cases, filed with him. Regardless of how it is styled, any court action to enforce the practices, procedures or standards established in this Order shall be treated as a motion to show cause for civil rather than criminal contempt or as a motion to enforce the Order. * * *"

The trial court in its memorandum of decision recognized a problem as to its jurisdiction to enforce the order of the federal district court, stating therein:

"The plaintiff relies on Paragraph 26 of *Taylor* to invoke this Court's jurisdiction.

"If Paragraph 26 of *Taylor* is followed the procedure for enforcement is a motion to show cause in civil contempt.

"First, this Court lacks jurisdiction to grant injunctive relief in any matter covered by the order in *Taylor* v. *Perini* 455 F. Supp. 1241 (1978).

"While this Court has reservations about jurisdiction under Paragraph 26 of *Taylor,* the Ohio Attorney General in case No. 82-CI-182 *Johnson* v. *Brown* filed in this Court, has taken the position that Paragraph 26 of *Taylor* gave this Court jurisdiction if the plaintiff has complied with the exhaustion of the grievance procedure.

"Since the plaintiff in the instant case has exhausted the grievance procedure, the Court will address the issue.

"On March 12, 1984 the plaintiff filed a motion for a preliminary injunction. At the hearing of June 13, 1984

this Court, by agreement of the parties, considered the case on the merits.

"This Court finds that the defendants are not in contempt of *Taylor*.

"* * *"

"It is a well-established rule that the power to judge a contempt rests exclusively with the court contemned, and that no court is authorized to punish a contempt against another court. * * *" (Footnotes omitted.) 17 Corpus Juris Secundum (1963) 126, Contempt, Section 51.

"Jurisdiction of the person and of the subject matter is essential to sustain a judgment for contempt. Jurisdiction of the subject matter rests ordinarily in the court against which the contempt is committed." *Id.* at 163, Contempt, Section 64.

We conclude that the trial court was without authority to enforce a contempt action for violation of the order of the federal district court.

Although the trial court denied plaintiff's motion to enforce the order for the reason that defendants were not in violation of the order, that court nonetheless arrived at the proper conclusion and its action was not prejudicial to plaintiff. We therefore affirm the trial court's judgment denying plaintiff relief.

*Judgment affirmed.*

GUERNSEY, P.J., and COLE, J., concur.