[Cite as *In re K.B.*, 2012-Ohio-5507.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97991**

# IN RE: K.B.
# A Minor Child

[Appeal By D.B., Father]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU-03702577

**BEFORE:** Jones, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**FOR APPELLANT**

D.B., Pro se
4717 Wetzel Avenue
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

**For C.S.E.A.**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph C. Young
Assistant County Prosecutor
P.O. Box 93894
Cleveland, Ohio 44101

**For K.C.**

K.C.
6850 Columbia Road
Olmsted Falls, Ohio 44138

LARRY A. JONES, SR., J.:

{¶1}   Appellant D.B. challenges the order of the juvenile court that found him in contempt of court for failure to pay child support.   Because appellant admitted the allegations in Cuyahoga Support Enforcement Agency's ("CSEA") motion to show cause and does not assert a valid defense to nonpayment, we affirm.

{¶2} The record indicates that appellant and appellee K.C. have three children: D.B. (d.o.b. October 22, 1993), K.B. (d.o.b. June 21, 1995), and M.B. (d.o.b. April 30, 1997).   In an order dated July 13, 2004, the juvenile court required appellant to pay $878.72 per month in child support, plus a 2% fee and all necessary medical and dental expenses for the children.

{¶3} On June 26, 2009, appellant filed a motion to modify the child support obligations and averred that the child support order was premised upon payments for daycare, and that daycare was no longer required.   On October 20, 2009, the trial court concluded that appellant owed an arrearage of $2,694.99.

{¶4} On July 10, 2010, appellant filed a motion to modify the child support obligations, and in that document, and in a letter dated January 2, 2011, appellant asserted that he had incurred an arrearage of approximately $20,000  based, in part, upon $600 per month for after school daycare.   According to appellant, the children were not in daycare or after school care and were frequently left alone.   In opposition, the mother certified that the McRoberts family of Olmsted Falls was taking care of the children at a cost of $20 per

day.

{¶5} On October 18, 2011, CSEA filed a motion for appellant to show cause, alleging that appellant owed $14,300.72 in unpaid support.

{¶6} A hearing before a magistrate was held on all of the pending motions on January 10, 2012. At this time, appellant appeared with counsel, and notwithstanding his previous claims about his arrearage, and after being advised of the penalties for contempt, admitted the allegations in CSEA's motion to show cause. The court found appellant in contempt of court, concluded that as of December 31, 2011, the arrearage amount was $17,824.02, and imposed a term of six days in jail, which the court suspended. The court also ordered that appellant could purge the contempt charge by paying $1,400 within 150 days, and it scheduled a purge review hearing for August 23, 2012.

{¶7} Appellant filed objections to the magistrate's decision in which he again asserted that the children were not in daycare and were generally left alone when K.C. could not care for them. The trial court overruled appellant's objections, approved and adopted the magistrate's decision, and found appellant in contempt of court in connection with the $17,824.02 arrearage.

{¶8} In his assignment of error, appellant asserts that the trial court abused its discretion in finding him in contempt of court as the arrearage amount is based, in part, upon child care expenses which K.C. has not actually incurred. He additionally argues that because one of the children is now emancipated, the contempt order in effect imprisons him for a debt, in contravention of Section 15, Article I of the Ohio

Constitution.

{¶9} Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Kaput v. Kaput,* 8th Dist. No. 94340, 2011-Ohio-10, ¶ 9.

{¶10} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. When contempt seeks to remedy disobedience of a court order by benefitting the complainant, the contempt is civil in nature. *Offenberg v. Offenberg*, 8th Dist. Nos. 78885, 78886, 79425 and 79426, 2003-Ohio-269, ¶ 77.

{¶11} A key aspect of a civil contempt, as opposed to one that is purely criminal, is the opportunity for the contemnor to purge herself of the contempt sanction, and the discontinuation of the sanction once compliance is achieved. *In re Purola*, 73 Ohio App.3d 306, 311-312, 596 N.E.2d 1140 (3d Dist.1991). To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295, 588 N.E.2d 233 (10th Dist.1990); *Pendergraft v. Watts*, 8th Dist. No. 93808, 2011-Ohio-5649.

{¶12} In this matter, appellant challenged the arrearage amount and contended that it improperly included daycare expenses. In opposition, K.C. asserted that she spent $20

per day for childcare or after school care. Later, at the January 10, 2012 hearing, appellant appeared with counsel, and after being advised of the penalties for contempt, admitted the allegations in CSEA's motion to show cause. The record therefore contains clear and convincing evidence to support the court's conclusion that appellant was in contempt of court and to support the $17,824.02 arrearage. We therefore find no abuse of discretion.

{¶13} As to appellant's additional claim that the contempt order violates the state constitutional prohibition against imprisonment for a debt because one of the children is now emancipated, we note that the same claim was rejected in *Cramer v. Petrie*, 70 Ohio St.3d 131, 1994-Ohio-404, 637 N.E.2d 882, syllabus

> (An obligation to pay child support is not a "debt" within the meaning of that term in Section 15, Article I of the Ohio Constitution. Because this obligation does not fall within the scope of Section 15, Article I, an order to pay child support may be enforced by means of imprisonment through contempt proceedings even after the child who is the subject of the order is emancipated.)

{¶14} In light of the above, the assignment of error is without merit.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR