[Cite as *In re Contempt of Lance*, 2016-Ohio-2717.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102838**

# IN RE: CONTEMPT OF DALINE LANCE

In the matter styled: *In re: A.B.*

[Appeal by C.C.D.C.F.S.]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD14915851

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 28, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Cheryl Rice
       Michelle A. Myers
       Dale F. Pelsozy
Assistant Prosecuting Attorneys
Cuyahoga County Division of
Children and Family Services
3955 Euclid Avenue, Room 305E
Cleveland, Ohio 44115

EILEEN T. GALLAGHER, J.:

**{¶1}** Appellants, Cuyahoga County Division of Children and Family Services ("CCDCFS") and the Cuyahoga County Prosecutor's Office (collectively "appellants") appeal the judgment of the common pleas court finding a county social worker in contempt of court. Appellants raise the following assignment of error for review:

> 1. The trial court abused its discretion in adopting the magistrate's decision finding Daline Lance in contempt of court and fining her $75 as the decision was not supported by the evidence and was contrary to law.

**{¶2}** After careful review of the record and relevant case law, we reverse the trial court's judgment.

## I. Procedural and Factual History

**{¶3}** This case derives from the underlying juvenile court case for temporary custody of the minor child A.B. (d.o.b. 10/02/98). However, a complete overview of the procedural background in this case is necessary because the finding of contempt arises from an order issued by a separate magistrate in a separate case.

**{¶4}** On September 19, 2014, the state of Ohio filed a delinquency complaint in Cuyahoga Juvenile C.P. No. DL14112155 against A.B., alleging that she knowingly caused or attempted to cause physical harm to her legal guardian/aunt in violation of R.C. 2919.25.[1] During the pendency of the delinquency proceedings, CCDCFS filed a motion for emergency temporary custody of A.B. On November 13, 2014, the magistrate (the "delinquency magistrate") granted emergency temporary custody of the

---

[1] During the pendency of this appeal, this court sua sponte ordered the juvenile court to supplement the appellate record with Case No. DL 14112155.

minor child in favor of CCDCFS. In its judgment entry, the delinquency magistrate issued a case management order requiring CCDCFS to file a case plan by December 13, 2014.

{¶5} On December 24, 2014, CCDCFS filed a complaint for neglect and temporary custody in Cuyahoga Juvenile C.P. No. AD14915851. CCDCFS also filed a motion for pre-adjudicatory temporary custody pending resolution of the complaint for temporary custody. Relevant to this appeal, the magistrate (the "custody magistrate") assigned to preside over Case No. AD14915851 was not the same magistrate assigned to the delinquency matter in Case No. DL14112155.

{¶6} On January 23, 2015, the custody magistrate conducted a hearing on the neglect complaint and motion by CCDCFS for pre-adjudication temporary custody. In her Pre-Trial Order and Findings of Fact and Emergency Temporary Custody decision, the custody magistrate granted CCDCFS's motion for pre-adjudicatory temporary custody. In her order, the custody magistrate noted that CCDCFS's social worker, Daline Lance ("Lance"), had not yet filed a case plan "which was due on December 13, 2014," pursuant to the delinquency magistrate's order in Case No. DL14112155. As a result, the custody magistrate scheduled a contempt of court hearing for "Social Worker Lance to be heard."

{¶7} On February 24, 2015, the custody magistrate held a hearing to determine whether Lance should be found in contempt for failing to file a timely case plan. At the hearing, Lance testified that in her 18-year career as a social worker she has never filed an untimely case plan. With respect to this case, Lance testified that she was assigned to

A.B.'s case in May 2014. Lance stated that she was not present at the emergency custody hearing and was unaware of the delinquency magistrate's December 13, 2014 deadline. According to Lance, she was notified by the assistant county prosecutor, via email, that the case plan was due by January 23, 2015. Lance testified that she relied on the prosecutor's instructions and filed the case plan on January 23, 2015, believing she had "filed it timely."

{¶8} At the conclusion of the contempt hearing, the custody magistrate found Lance in contempt for failing to comply with the delinquency magistrate's November 13, 2014 order. The custody magistrate imposed a $75 fine, which was stayed on the condition that Lance purge herself of the contempt by complying with all orders of the court for the next 12 months.

{¶9} Appellants filed objections to the custody magistrate's decision. By entry dated March 13, 2015, the trial court overruled appellants' objections and adopted the custody magistrate's finding of contempt.

{¶10} Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

{¶11} In its sole assignment of error, appellants argue the trial court abused its discretion in adopting the custody magistrate's decision finding Lance in contempt of court. Appellants contend the finding of contempt was not supported by the evidence and was contrary to law.

{¶12} Contempt is a disobedience or disregard of a court order or command. *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). "The

purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph two of the syllabus. Contempt can be either direct or indirect. *In re J.M.,* 12th Dist. Warren No. 2008-01-004, 2008-Ohio-6763, ¶ 46. While direct contempt occurs within the actual or constructive presence of the court, indirect contempt involves conduct that occurs outside of the actual or constructive presence of the court. *Id.*

{¶13} A person found to be in contempt of court is subject to punishment. *See* R.C. 2705.05. Contempt is classified as civil or criminal depending upon the character and purpose of the punishment. *Brown v. Executive 200, Inc*., 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). Whereas criminal contempt is solely punitive, civil contempt contemplates punishment that is remedial or coercive and for the benefit of the complainant. *Id.* at 253. And although a prison sentence may be imposed in cases of civil contempt, the contemnor must be afforded the opportunity to purge the contempt. *Id*. "Once the contemnor purges his contempt, any sanctions will be discontinued because compliance has been achieved." *U.S. Bank Natl. Assn. v. Golf Course Mgt., Inc*., 12th Dist. Clermont No. CA2008-08-078, 2009-Ohio-2807, ¶ 16. Accordingly, the contemnor is said to "carry the keys to his prison in his own pocket." *Brown* at 253.

{¶14} In this case, appellants argue the custody magistrate's imposition of a $75 fine was punitive, and therefore, criminal in nature. We disagree. Because the $75 fine was conditional and the court's order provided Lance the opportunity to purge herself, we find that the contempt proceeding was civil in nature.

{¶15} The burden of proof for civil contempt is clear and convincing evidence. *Flowers v. Flowers,* 10th Dist. Franklin No. 10AP-1176, 2011-Ohio-5972, ¶ 9.   Further, we review a trial court's finding of civil contempt under an abuse of discretion standard. *In re Contempt of Modic*, 8th Dist. Cuyahoga No. 96598, 2011-Ohio-5396, ¶ 7, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991).   Therefore, we will not disturb the trial court's finding of contempt unless we find such finding to be arbitrary, unreasonable, or unconscionable.   *Id.*

{¶16} It is well settled, however, "that the power to judge a contempt rests solely with the court contemned, and that no court is authorized to punish a contempt against another court."   *Johnson v. Perini*, 33 Ohio App.3d 127, 514 N.E.2d 1133 (3d Dist.1986), citing 17 Corpus Juris Secundum, Contempt, Section 51, at 126 (1963).   *See also White v. Stafford*, 8th Dist. Cuyahoga No. 61838, 1993 Ohio App. LEXIS 82, * 5 (Jan. 14, 1993) ("The contempt claim is under the jurisdiction of the court overseeing the [case] from which the contempt arose.   It is the trial court in that [case] which has the exclusive authority to punish the contemnor in order to ensure the exercise of its orders."); *Churchill v. Wood*, 2d Dist. Greene No. 91-CA-91, 1993 Ohio App. LEXIS 2012 (Apr. 7, 1993) ("Ordinarily a court may not punish contempts committed against another court except where the court condemned is a part or agency of, or has been replaced by, the punishing court."); *In re Gabbai*, 968 S.W.2d 929, 931 (Tex.1998) ("While courts possess inherent power to enforce their own orders through contempt proceedings, they generally lack the authority to enforce another court's orders by contempt.").

**{¶17}** In this case, the custody magistrate's finding of contempt relied exclusively on Lance's failure to comply with the November 13, 2014 order of the delinquency magistrate in Case No. DL14112155. Significantly, the finding of contempt did not involve a violation of an order issued by the custody magistrate in AD14915851. Under these circumstances, the decision whether to initiate contempt proceedings against Lance for her failure to comply with the November 14, 2014 order in Case No. DL14112155 rested solely with the court contemned — the delinquency court. Accordingly, we find the custody magistrate had no authority to enforce a contempt action against Lance for violation of the delinquency magistrate's order. *See Perini* at 129; *Queensgate II Assoc./ Uptown Towers v. Walker*, 1st Dist. Hamilton No. C-960911, 1998 Ohio App. LEXIS 3692, * 4 (Aug. 14, 1998).

**{¶18}** Moreover,"[i]t is well settled that a purge order must provide 'a true opportunity for purging' — it cannot simply purport to regulate future conduct." *In re M.H.*, 8th Dist. Cuyahoga No. 97618, 2012-Ohio-3371, ¶ 13, fn. 4, citing *Tucker v. Tucker*, 10 Ohio App.3d 251, 252, 461 N.E.2d 1337 (10th Dist.1983); *see also Mackowiak v. Mackowiak* 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013, ¶ 56. "Insofar as such an order purports to regulate future conduct, the order can have no effect because any effort to punish a future violation would require a new notice, hearing, and determination." *Ryder v. Ryder*, 5th Dist. Stark No. 2001CA00190, 2002 Ohio App. LEXIS 849, * 9 (Feb. 19, 2002).

**{¶19}** In this case, the purge order adopted by the trial court required Lance to act in compliance with all court orders for the following 12 months. Significantly, however,

Lance filed the case plan, the subject of the contempt finding, prior to the contempt hearing. Thus, compliance with the prior order had been achieved. Under these circumstances, even if this court did not vacate the trial court's finding of contempt for lack of authority, the purge order improperly purports to regulate future conduct, and therefore, is void. *Chiro v. Foley*, 8th Dist. Cuyahoga No. 100962, 2014-Ohio-3728, ¶ 24, citing *Burke v. Burke*, 7th Dist. Mahoning No. 13 MA 24, 2014-Ohio-1402, ¶ 10.

**{¶20}** Our conclusion in this case is not intended to disparage the factors supporting the custody magistrate's concerns in this case. Given the magnitude of what is at stake in custody cases, we agree with the custody magistrate's discussion at the contempt hearing regarding the significance and impact of CCDCFS's failure to file a timely case plan in Case No. DL14112155. As stated by the custody magistrate:

> Parents are held to a standard of following rules, the case plan is part of it. They're ordered to follow that case plan. They cannot follow an order if they do not have it. That's the purpose of the case plan.

This is particularly true where, as here, the subject case plan was filed just weeks before the February 6, 2015 adjudicatory hearing was held.

**{¶21}** Nevertheless, regardless of the custody magistrate's reasoning, Lance did not violate any orders issued by the custody magistrate and the custody magistrate lacked the authority to enforce an order of another court. Accordingly, we find that the custody magistrate's decision and the finding of contempt is unreasonable, arbitrary and unconscionable. Therefore, we find the trial court's adoption of that decision to be an abuse of discretion.

**{¶22}** Appellants' sole assignment of error is sustained.

**{¶23}** This case is reversed and remanded to the lower court to vacate the finding of contempt and the sanctions imposed consistent therewith.

Having sustained appellants' assignment of error and there being no identifiable appellee, the court waives the costs.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY