[Cite as *M.J.S. v. C.S.S.*, 2025-Ohio-1062.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

M.J.S.,                                          :

      Defendant-Appellant,         :

                                          No. 114151

      v.                                    :

C.S.S.,                                          :

      Plaintiff-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** March 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-359449

---

### *Appearances:*

Stafford Law Co., L.P.A., and Nicole A. Cruz, *for appellant*.

Lisa A. Hahn, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant M.J.S. ("Father") appeals the judgment of the trial court finding him in contempt of court for failing to enroll his children in the Medina City School District pursuant to the parties' agreed judgment entry amending their shared-parenting plan. He raises one assignment of error:

The trial court erred as a matter of law and abused its discretion by finding that the appellant was in contempt of the November 10, 2016 agreed judgment entry.

{¶ 2} After a thorough review of the applicable law and facts, we reverse the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} Appellee C.S.S. ("Mother") and Father's marriage was dissolved pursuant to a judgment entry of dissolution filed December 2, 2015. Two children were born as issue of the marriage. As a part of the dissolution, the parties entered into a shared-parenting plan. Within this plan, Father was designated as the residential parent for school purposes. The shared-parenting plan also stated that if the parties could not agree regarding education-related matters, Father would have final decision-making authority.

{¶ 4} The shared-parenting plan was modified on November 10, 2016, via agreed judgment entry (the "agreed judgment entry"). The entry stated that "the children shall continue to attend school in the district Father resides." At the time of the agreed judgment entry, Father resided in the Medina City School District.

{¶ 5} In August 2023, while still residing in the Medina City School District, Father withdrew the children from the Medina City School District and began homeschooling them; the children also received supplemental tutoring.

{¶ 6} Mother filed a motion to show cause, arguing that Father had violated the agreed judgment entry by withdrawing the children from the Medina City School

District and homeschooling them instead. Mother also moved to modify the shared-parenting plan.

{¶ 7} Father filed a brief in opposition to the motion and moved to dismiss the proceedings. He asserted that regardless of the agreed judgment entry, he retained final decision-making authority regarding the children's education.

{¶ 8} In December 2023, the magistrate held a hearing on the motions, where both Mother and Father appeared and testified.

{¶ 9} The magistrate later issued a decision, granting Mother's motion to show cause and denying as moot Father's motion to dismiss and Mother's motion to modify shared parenting. The magistrate found by clear and convincing evidence that Father had violated the agreed judgment entry that stated that the children "shall continue to attend school in the district Father resides." The magistrate held that this modified term restricted Father's final decision-making authority regarding the children's education. The court further found that homeschooling with tutor supplementation was not consistent with the terms of the agreed judgment entry.

{¶ 10} Father was found to be in contempt of court and sentenced to 30 days in jail. The sentence was suspended, and Father was permitted to purge his contempt by reenrolling the children back into the Medina City School District within 15 days of the release of the magistrate's decision.

{¶ 11} Father filed objections to the magistrate's decision, arguing that the magistrate incorrectly stated that the parties had intended in the agreed judgment

entry for the children to "continue to attend" school in the school district in which Father resided when, in reality, neither child had been old enough to attend school at the time of the agreed judgment entry. In addition, Father asserted that the children were enrolled in the Medina City School District but that they were exempt from attending and were authorized to receive "home education."

{¶ 12} The court overruled Father's objections and adopted the magistrate's decision. Father then filed the instant appeal.

## II. Law and Analysis

{¶ 13} In his sole assignment of error, Father argues that the trial court erred as a matter of law and abused its discretion when it found that he was in contempt of the November 10, 2016 agreed judgment entry.

{¶ 14} "Contempt is defined as a disregard of, or disobedience to, an order or command of judicial authority." *Palnik v. Crane*, 2019-Ohio-3364, ¶ 54 (8th Dist.). "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph two of the syllabus.

{¶ 15} Contempt can be either direct or indirect. *In re J.M.,* 2008-Ohio-6763, ¶ 46 (12th Dist.). Direct contempt involves "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." R.C. 2705.01. Indirect contempt involves acts occurring outside the presence of the court that demonstrate a lack of respect for the court or its lawful orders. R.C. 2705.02; *In re Lance*, 2016-Ohio-2717, ¶ 12 (8th Dist.).

{¶ 16} Contempt is further classified as either civil or criminal. *Oak Hill Banks v. Ison*, 2003-Ohio-5547, ¶ 14 (4th Dist.). "This distinction depends largely upon the character and purpose of the punishment imposed." *Id.* Whereas criminal contempt is solely punitive, civil contempt contemplates punishment that is remedial or coercive and for the benefit of the complainant. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). Although a prison sentence may be imposed in cases of civil contempt, the contemnor must be afforded the opportunity to purge the contempt. *Id.* "'Once the contemnor purges his contempt, any sanctions will be discontinued because compliance has been achieved.'" *In re Lance* at ¶ 13, quoting *U.S. Bank Natl. Assn. v. Golf Course Mgt., Inc.*, 2009-Ohio-2807, ¶ 16 (12th Dist.).

{¶ 17} This case involves indirect civil contempt because the court determined that Father violated a court order, imposed a suspended jail sentence, and afforded Father an opportunity to purge the contempt. To establish civil contempt, the complainant must demonstrate by clear and convincing evidence the existence of a valid court order, that the respondent had knowledge of the order, and a violation of the order. *In re K.B.*, 2012-Ohio-5507, ¶ 77 (8th Dist.). Once the prima facie case of contempt has been established by clear and convincing evidence, the burden shifts to the nonmoving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence. *K.M.M. v. A.J.T.*, 2021-Ohio-2452, ¶ 24 (8th Dist.), citing *Allen v. Allen*, 2003-Ohio-954, ¶ 16 (10th Dist.).

{¶ 18} "Clear and convincing evidence is that measure or degree of proof . . . which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. However, the determination of contempt is within the trial court's discretion and will not be reversed absent an abuse of that discretion. *Cleveland v. Heben*, 74 Ohio App.3d 568, 573 (8th Dist. 1991). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 19} As a preliminary matter, Father first argues that the trial court improperly determined that he violated the agreed judgment entry, while Mother's motion to show cause only asserted that he had violated the shared-parenting plan. However, it does not appear that this issue was raised at the trial-court level, and thus, was not properly presented for review in this appeal. A basic tenet of appellate jurisdiction is that a party may not raise an argument on appeal that was not raised below. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). "A party who fails to raise an issue in the trial court waives the right to raise it on appeal." *Rimmer v. CitiFinancial, Inc.*, 2020-Ohio-99, ¶ 37 (8th Dist.), citing *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-4885, ¶ 43 (10th Dist.).

{¶ 20} Turning to the prima facie case of contempt, there is no dispute that a court order existed, to wit: the agreed judgment entry that amended the parties' shared-parenting plan. There also does not appear to be any argument that Father

was unaware of this order. Father testified that he was aware of "the prior order" that stated that the children were to "continue to attend school" in the district in which he resided. Accordingly, the only question to be determined is whether the court abused its discretion in determining that there was clear and convincing evidence that Father violated the agreed judgment entry.

{¶ 21} "Ohio provides a home education exception to the requirement of compulsory school attendance which recognizes the rights of parents to educate their children at home." *Gatchel v. Gatchel*, 2005-Ohio-148, ¶ 10 (3d Dist.), citing R.C. 3321.04(A)(2). The statute requires that the parent(s) obtain an excuse from compulsory school attendance from the superintendent of the school district in which the child resides. "The right of parents to educate their children at home is qualified and subject to reasonable government regulations designed to [e]nsure that minimum standards of education prescribed by the State are met, consistent with the State's compelling interest in [en]suring that all of its citizens receive a quality basic education." *Id.* at ¶ 11, citing *State v. Schmidt*, 29 Ohio St.3d 32 (1987).

{¶ 22} Father argues that since the children were homeschooled within the Medina City School District, he was in compliance with the agreed judgment entry. We note that the agreed judgment entry does not specify whether the children are to attend in-person school within the Medina City School District or if homeschooling is permitted. As this court has noted:

> "A trial court cannot impose contempt sanctions on a party if the party cannot know whether or not its actions violate the trial court's order. Merely because the trial court knew what its order meant does not

mean the parties knew what the order meant." *Contos v. Monroe Cty.*, 2004-Ohio-6380, ¶ 24 (7th Dist.). "Thus, although general arguments that the alleged contemnor lacked intent or misunderstood the court order are invalid defenses, *where the trial court's order is subject to more than one reasonable interpretation, contempt is not the proper remedy.*" *Rohr v. Williams*, 2007-Ohio-7207, ¶ 38 (7th Dist.).

(Emphasis in original.) *Perkins v. Gorski*, 2013-Ohio-265, ¶ 15 (8th Dist.).

{¶ 23} This matter involves an agreed judgment entry that amended the parties' shared-parenting plan. "An agreed judgment entry is a contract that is reduced to judgment by a court." *Sovak v. Spivey*, 2003-Ohio-6717, ¶ 25 (7th Dist.), citing *Spercel v. Sterling Indus., Inc.*, 31 Ohio St.2d 36, 39 (1972). We, therefore, apply the same rules of construction to an agreed judgment entry as we apply to contracts. *Dvorak v. Petronzio*, 2007-Ohio-4957, ¶ 18 (11th Dist.), quoting *Phillips v. Phillips*, 2007-Ohio-3368, ¶ 34 (11th Dist.). ("'[A]n agreed judgment entry is subject to the same rules of construction as a contract.'")

{¶ 24} In interpreting contracts, the court's role is "to give effect to the intent of the parties to the agreement." *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 11, citing *Hamilton Ins. Servs. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273 (1999). Where the contract terms are clear and unambiguous, we may determine the parties' rights and obligations from the plain language of the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). The interpretation of a written contract is a matter of law. *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 9.

{¶ 25} The magistrate's decision, which was adopted by the trial court, erroneously stated that the children were attending elementary school within the

Medina City School District at the time of the agreed judgment entry. As Father and Mother both acknowledge, at the time of the agreed judgment entry, the children had not yet reached kindergarten age and were therefore not attending school. It is unclear why the parties stated in the agreed judgment entry that the children would "continue to attend" school in the school district Father resides when they had not yet started attending school.

{¶ 26} Mother's motion to show cause asserted that the children were to "attend the school *in the school system* where [Father] resides"; however, the agreed judgment entry did not mention "the school system." Mother has essentially advocated for what she would like the agreed judgment entry to mean *today* (that the children should continue to attend the in-person public school that they had been attending since kindergarten); however, there was no evidence presented as to the intent of the parties at the time of the negotiation of the agreed judgment entry — before the children began attending school.

{¶ 27} Beyond the geographical limitation of the "school district Father resides," the agreed judgment entry is silent as to any parameters regarding the type of school the children could attend. It does not specify whether the children could be homeschooled within the Medina City School District or whether they were to attend school in person. While it does seem apparent that at least Mother meant "in-person school" in agreeing to that provision, we cannot say that the language of the agreed judgment entry was clear enough to find, by clear and convincing evidence, that Father violated the provision by homeschooling the children.

**{¶ 28}** We conclude that the parties' use of the words "attend school in the district Father resides," without further specificity, was subject to dual interpretations and, therefore, ambiguous. Accordingly, the trial court abused its discretion in finding Father in contempt of the November 10, 2016 agreed judgment entry.

**{¶ 29}** Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)